# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

2017 OCT 24 P 12: 58

|  |  |  |
|---|---|---|
| Donna Cerigny, | § | Civil Action Number: |
| Kristie S. Hoots-Meyer, | § | |
| Charles Edward Lincoln, III | § | **17-11111** |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| Joseph Thomas Cappadora, C.P.A., | § | Section_____ **SECT. B MAG. 1** |
| JT Cappadora, Inc., | § | |
| Child Forensic Advocate Safety | § | |
| Center, L.L.C., | § | |
| Consolidated Financial Services, LLC,§ | | Magistrate_____ |
| The Family Resolution Center, | § | |
| Foundation for the Child Victims of | § | |
| the Family Courts (fcvfc.org), | § | Complaint for Damages & |
| Jill Jones-Soderman, | § | Declaratory Judgment |
| Kurt E. Traub, Bank of America, | § | Trial-by-Jury Demanded as of |
| US Whistleblower | § | Right as to all issues of fact and |
| (uswhistleblower.org), and | § | Mixed Questions of Law and |
| John Does, Jane Roes, & | § | Fact. |
| Corporate Coes 1-5, | § | |
| Defendants. | § | |

§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§

## ORIGINAL COMPLAINT FOR DAMAGES, DECLARATORY JUDGMENT and/or SPECIFIC PERFORMANCE

X Fee  400.00
___ Process
X Dkd___
___ CtRmDep___
___ Doc. No._____

COME NOW Donna Cerigny, Kristie S. Hoots-Meyer and Charles

Edward Lincoln III, all natural persons, as individual Plaintiffs pro se, in

propria persona complaining of three natural persons, individual Defendants

Joseph Thomas Cappadora, C.P.A, Jill Jones-Soderman, Kurt E. Traub,

and six legal entities, namely the JT Cappadora, Inc., the Child Forensic

Advocacy Center, L.L.C., Consolidated Financial Services, L.L.C., THE FAMILY RESOLUTION CENTER, the Foundation for the Child Victims of the Family Courts (fcvfc.org), and US WHISTLEBLOWER (uswhistleblower.org), and suing for legal damages for breach of contract, breach of fiduciary duty, declaratory judgment, or in the alternative for specific performance of contractual obligations and promises from which these defendants are equitably estopped, either as a matter of indebitatus assumpsit, quasi-contract, or constructive trust.

## I. PARTIES, JURISDICTION & VENUE

1.      Plaintiffs Donna Cerigny and Charles Edward Lincoln III are both residents of the State of Louisiana, living in Jefferson and Orleans Parishes, respectively.  Plaintiff Kristie S. Hoots-Meyer is a resident of the State of Mississippi, living in Biloxi, Harrison County, Mississippi.

2.      Venue is proper, pursuant to 28 U.S.C. §1291, in the Eastern District of Louisiana, because Jill Jones-Soderman solicited, negotiated, and ultimately guaranteed a two-year residential lease in uptown New Orleans in Orleans Parish 70118 (see Exhibit One) and performance of many of her other agreements, contracts, covenants, and promises with each of the Plaintiffs herein was/were/still are all due in Orleans Parish or Jefferson Parish in the Eastern District of Louisiana.  Kurt E. Traub, for his part, sent

multiple BofA bankcards and other bank communications directly to Plaintiff Lincoln at the address in New Orleans.

3.      Jill Jones-Soderman, upon information and belief, is a resident of the State of New Jersey with places of business, both in Hewitt, New Jersey and in the Borough of Manhattan, New York, New York. Jill Jones-Soderman's (aka "Jill's") e-mails are director@fcvfc.org and jill@theopenmind.us.

4.      Jill Jones-Soderman is a "Member" (and Control Person) of the Child Forensic Advocate Safety Center, L.L.C., whose primary address is 26 Alps Road in Hewitt, New Jersey 07431, the FAMILY RESOULTION CENTER, as well as "Founder and Director" of the Foundation for the Child Victims of the Family Courts aka "FCVFC" and "fcvfc.org" with only known mailing address at 275 Madison Avenue, 6th Floor, New York, New York 10016. Jill Jones-Soderman is also the "Publisher" of the "US Whistleblower" aka uswhistleblower.org.

5.      Jill Jones-Soderman is a "principal" of all four organizations named above in paragraph 3 in within the meaning of 18 U.S.C. §2, and each and all of these organizations is/are believed to be wholly controlled by Jill Jones-Soderman to the extent that these organizations manifest mere "alter-egos", factually, legally, and economically indistinguishable from Jill Jones-Soderman, as an individual, natural person, although there may be other

"nominal" members of the board of directors or other officers unknown to the Plaintiffs at the present time, named only as John Does, Jane Roes and/or Corporate Coes.  Acting by and through all of these entities, Jill Jones-Soderman holds herself out as an advocate for the rights of women, parents, and children.

6.     Joseph Thomas Cappadora, C.P.A., is owner and principle officer of JT Cappadora, Inc., located at 5613 Berkshire Valley Road, Oak Ridge, New Jersey 07438, as well as Consolidated Financial Services, L.L.C., located at the same address.  His e-mail is jc.njcfs@gmail.com.

7.     Jill Jones-Soderman has identified and described Joseph Thomas Cappadora as a member of the board of directors of the FCVFC. Accordingly Plaintiffs allege, on information and belief, that Joseph Thomas Cappadora is in fact a member of the Board of Directors of the FCVFC (fcvfc.org) and a co-principal in all Jill Jones-Soderman's enterprises. Jill Jones-Soderman has identified Joseph Thomas Cappadora as being in charge of her accounting, business design, and financing.

8.     Upon information and belief, Joseph Thomas Cappadora's services, along with his own wholly controlled entities JT Cappadora, Inc., and Consolidated Financial Services, acting together and in concert with Kurt E.

Traub of the Bank of America, included but not limited to tax finance and planning and the structuring of Jill Jones-Soderman's affairs as a shell game.

9.     The modus operandi which Jill Jones-Soderman, Joseph Thomas Cappadora, and Kurt E. Traub appear to have perfected is a Scheme to Defraud by "shell game" wherein Jill makes promises in her individual capacity or acting by and through one entity alone, e.g. the Foundation for the Child Victims of the Family Courts (fcvfc.org), while payments are made by another entity, e.g. THE FAMILY RESOLUTION CENTER, so that Jill Jones-Soderman can be assert both legally invisibility and pretended immunity immune so as to act in and continue a course of conduct which amounts to racketeering in interstate commerce.

10.     Upon information and belief, Plaintiffs allege that Jill Jones-Soderman designated Joseph Thomas Cappadora (individually and as control person of JT Cappadora, Inc.) as her agent and granted him special power of attorney sometime in May 2017, and as such, combined with his other capacities, that he is fully liable for all of her actions and decisions.   Joseph Thomas Cappadora is in particular responsible for Jill Jones-Soderman's tax planning and the structuring of her affairs to avoid ordinary liability for her actions, and hence he is the architect of all of the injuries she has inflicted upon the Plaintiffs and potential plaintiffs.

11.    Kurt E. Traub is Vice-President and Small Business Manager of the Bank of America Branch at 76 East Main Street in Ramsey, New Jersey 07446. His e-mail is kurt.e.traub@bankofamerica.com.

12.    Like Joseph A. Cappadora, JT Cappadora, Inc., and Consolidated Financial Services, L.L.C., Kurt E. Traub is a co-principal with Jill Jones-Soderman in all her acts and courses of conduct which amount to racketeering in interstate commerce within the meaning of 18 U.S.C. §§1961, 1962(a)-(d), and 1964(c).

13.    Neither Plaintiff Kristie S. Hoots-Meyer's residence in Biloxi, Mississippi, nor potential plaintiff's Yu-wen Chiu and Chih-yang Hu residence in New Orleans, Louisiana 70118 would affect or destroy diversity of citizenship if they join this lawsuit, which they have standing to do as injured plaintiffs, as intended beneficiaries of Jill's guarantees and promises.

14.    Accordingly, pursuant to 28 U.S.C. §1332, this Court has diversity jurisdiction because the amount in controversy exceeds $75,000 and complete diversity of citizenship exists between the Plaintiffs and Defendants in this case, and will not be destroyed even if Yu-wen Chiu and Chih-yang Hu formally join as Plaintiffs at a later date.

15.    Aside from the parties named herein-above, the only other material witness so significant as to be considered a legal cause of some of the

transactions and occurrences on which Plaintiffs herein sue is Brook Altman of Manhattan, New York, New York.

16.  Brook Altman could choose to side either with the Plaintiffs or the Defendants if she enters this litigation, because it was Jill Jones-Soderman's involvement with Brook Altman, and Jill Jones-Soderman's claims regarding Brook Altman's backers and financiers, which led to the association of all three Plaintiffs with any or each of the Defendants.

17.  Plaintiffs reserve the right to amend and supplement this present Complaint to add other Defendants John Doe or Jane Roe or Corporate Coe as indicated by evidence as it emerges during litigation and discovery.

18.  Plaintiffs demand $1,500,000.00 as the minimum damages which evidence will show, or in the alternative specific performance.

## II.  FACTUAL SUMMARY and EXHIBITS

19.  Plaintiffs Donna Cerigny, Kristie S. Hoots-Meyer, and Charles Edward Lincoln, III, hereby attach authenticate and incorporate Exhibits One through Seven by reference as if fully recopied and restated herein below, because the case history, background relationships, transactions, and occurrences, Plaintiffs demands and facts set forth in these Exhibits is more fully set forth than is convenient in this Complaint under Rule 8 of the Federal Rules of Civil Procedure.

20.     In briefest summary, Plaintiff Charles Edward Lincoln III has known Defendant Jill Jones-Soderman since February 23, 2011.

21.     In November of 2016, Jill Jones-Soderman announced that, by and through her association with Brook Altman, she was about to receive a huge grant and endowment.

22.     Accordingly, Defendant Jill Jones-Soderman invited Plaintiff Charles Edward Lincoln III to help her create be and her managing partner in an ambitious new program to be called the "Litigation Strategy, Legal Research and Support" (LSLRS) Division of the Foundation for the Child Victims of the Family Courts. Lincoln's job as Principal Investigator/Project Director was to design the FCVFC and LSLRS to be at all times designed to support and to be affiliated and coordinated with Jill's Hewitt-New Jersey-based Child Forensic Advocate Safety Center, L.L.C., and possibly to create other such centers in New Orleans and elsewhere.

23.     Jill referred to this address and institution as her "safe house," implying that many women live there. However, Jill only expressly identified one woman, Athena Marie Herman aka Arianna Ferrara, as living there), and since the address was Jill's public and business address for all credit card and financial transactions, Plaintiffs doubt just how "safe" the house at 26 Alps Road in Hewitt, New Jersey could possibly be.

24.    So Jill orally agreed to form and in fact did initiate an informal (unwritten) partnership with Charles Edward Lincoln III.    Charles' assignment was to build a working team and create the new program. Suffice it to say, he didn't get very far.   Jill allowed Charles to hire two people, and then she stiffed them all.   Jill never authorized Charles to hire a licensed attorney or potentially licensed attorney for any position in the FCVFC-LSLRS.

25.    Plaintiff Charles Edward Lincoln III had never even heard of THE FAMILY RESOLUTION CENTER until discovering, while preparing this lawsuit, through Yu-wen Chiu and Chih-Yang Hu, that Jill had been paying his rent through this entity.   Likewise neither Kristie S. Hoots-Meyer nor Donna Cerigny had ever heard of the Child Advocate Safety Center until Jill appeared through that entity in the Wage Collection Division of the New Jersey Department of Labor after "firing" both Plaintiffs Kristie and Charles (and just ignoring Donna Cerigny).

26.    Jill Jones-Soderman's responsibilities were to raise funds and pay and set general policy goals and guidelines, and to continue her psychoanalytic practice.   The money from Brook Altman's alleged but invisible sponsors and financiers never appeared.    Jill offered the financial advice of Joseph Thomas Cappadora to Plaintiff Charles Edward Lincoln III as inducement.

27.    Plaintiffs allege, upon information and belief, that the FCVFC-LSLRS was all a fraudulent scam invented by Jill Jones-Soderman, together with Joseph Thomas Cappadora and Kurt E. Traub, possibly for money-laundering or tax-evasion purposes, but definitely not for the benefit of any abused women or neglected children, which was the whole idea.

28.    Charles Edward Lincoln III first hired Donna Cerigny, who had worked with him before, and then Jill Jones-Soderman took or attempted to take charge of directing and paying Donna directly, but Donna remained in close working collaboration with Charles, and Jill neither paid regularly nor as promised.

29.    On June 9, 2017, Charles Edward Lincoln III then hired Kristie S. Hoots-Meyer, whom Jill Jones-Soderman almost immediately took charge of directing.  Jill had initially agreed and promised only to be paying Kristie S. Hoots-Meyer according to Lincoln's June 9, 2017, letter to both Jones-Soderman and Hoots-Meyer (see Exhibit Four-A). From that date forward Jill Jones-Soderman basically engaged in a tug-of-war with Charles Edward Lincoln III over what Kristie's duties were or for whom she was working and whether Kristie's duties were to be and whether her duties included trying to replace Charles Edward Lincoln III as Principal Investigator/Project Director of the LSLRS of the FCVFC.

30.     Immediately after hiring Kristie, the relationship between Jill Jones-Soderman and Charles Edward Lincoln III got progressively worse, always focused on the tug-of-war over Kristie, including some spectacular explosions by Jill on Saturday June 24, 2017, and other dates.

31.     On August 10-11, 2017, Jill Jones-Soderman summarily "fired" Kristie S. Hoots-Meyer (without any provision for back pay or severance) and then, shortly, "terminated her support" for Charles Edward Lincoln III.

32.     Jill first denied that Kristie was an employee and then later denied that Charles Edward Lincoln III had ever worked for her.  She also denied that she was liable on the lease attached as Exhibit One, or that she owed any responsibilities for Lincoln's home in Mantoloking, New Jersey 08738.

33.     According to information, which Plaintiff Kristie S. Hoots-Meyer received from the Wage Collection Division, Jill denied to the New Jersey Department of Labor the Kristie ever worked for her at all. See Exhibit Six. (The Wage Collection Division also denied Kristie the right to call more than 3 witnesses at her hearing, which has been indefinitely postponed as of the date of this filing.

34.     In the meantime, Jill solicited a two-year lease from Yu-wen Chiu and Chih-yang Hu for a house in New Orleans to be used by Plaintiff Charles Edward Lincoln III as his home, project headquarters, and research office.

35.   Jill also promised Kristie and Donna homes, as well as high salaries, and further promised Donna's six-year old granddaughter a superior education and a career as a child model.

36.   Jill's promises all seemed, frankly, too good to be true, and in fact, they turned out not to be true, but Jill was very persuasive, seemed very sincere and very convincing and Plaintiffs altered their lives for Jill, i.e., in both equitable and legal terms, they changed their positions in reasonable reliance on Jill's promises, however extravagant they might seem now.

37.   Jill also promised a five-year subscription to WestlawNext for Charles Edward Lincoln III, ordered and obtained a special password for Kristie S. Hoots-Meyer, and promised all three Plaintiffs, but especially Charles Edward Lincoln III, many, many, many other benefits (See Exhibits One through Seven, but especially Exhibit Two: the Labor Day Demand for Specific Performance to Joseph Thomas Cappadora and Kurt E. Traub).

## III.   FIRST CAUSE OF ACTION---DECLARATORY JUDGMENT
### re:
## EXISTENCE, BREACH, AND DISSOLUTION OF PARTNERSHIP

38.   Plaintiffs Donna Cerigny, Kristie S. Hoots-Meyer, and Charles Edward Lincoln III hereby reallege paragraphs ¶¶1-37 above, including exhibits incorporated by reference in those paragraphs, and incorporate all the same by reference as if fully recopied and restated herein below as the

factual basis for this count. This count lies at the heart of Plaintiffs' case because it is the key to unlocking the nature and depths of Jill's fraud.

39. Pursuant to 28 U.S.C. §§2201-2202, Plaintiffs Charles Edward Lincoln III, Kristie S. Hoots-Meyer, and Donna Cerigny, sue for declaratory judgment regarding the nature and extent of Lincoln's contractual, commercial and business relationship with Jill Jones-Soderman, including but not limited to his authority to hire and require Jill Jones-Soderman to pay from her personal resources, or those of her wholly controlled entities, or to require her Private Banker or Accountant or his wholly controlled entities to pay Plaintiffs Donna Cerigny and Kristie S. Hoots-Meyer.

40. On the exact nature and extent of (and rights expressly or implicitly contained in) Plaintiff Lincoln's relationship with Defendant Jones-Soderman hang ultimately the nature and extent of Plaintiffs Donna Cerigny and Kristie S. Hoots-Meyer's relationship with Defendants Jill Jones-Soderman, the FCVFC, THE FAMILY RESOLUTION CENTER, the Child Forensic Advocacy Safety Center, USWHISTLEBLOWER, her agent with power of attorney, Joseph Thomas Cappadora, C.P.A., his owned, controlled, or affiliated entities, and Kurt E. Traub, Jill's personal banker and Branch Vice-President of the Bank of America in Ramsey, New Jersey.

41.   On "good days" Jill Jones-Soderman always described Charles Edward Lincoln III as her "partner" and as Expert Principal Investigator/Project Director of the LSLRS, and treated and talked about him like a long-lost son.

42.   On "bad days" Jill Jones-Soderman treated Charles Edward Lincoln III rather like a garbage collector, but definitely as an employee/servant with narrowly defined and strictly fixed responsibilities and duties, but who was obliged to be available 24/7, "we never take bathroom breaks" she once or twice bragged to certain third parties.

43.   On days when Plaintiff Charles and Defendant Jill fought, Jill invariably reaffirmed the partnership, until August 10-11, although she simultaneously avoided signing anything resembling a contract, including (1) the two-year lease with Dr. Chih-yang Hu and his wife "Angela" Yu-wen Chiu which Jill exclusively solicited, negotiated, and on which she made all the initial payments (see Exhibits One and Seven), (2) the partnership agreement which Plaintiff Charles Edward Lincoln III drafted (Exhibit Four, (Sub)Exhibit (C)), (3) or anything else.

44.   Jill orally agreed that this written agreement accurately reflected all of her promises and commitments, but she refused to sign it. Jill even agreed (orally) that the rights of Donna Cerigny and Kristie S. Hoots-Meyer, as

spelled out in the proposed written agreement, were accurate. Joseph Thomas Cappadora and Kurt Traub were always named as integral members of Jill Jones-Soderman's "team" to which Plaintiff Lincoln was to be added.

45.   Plaintiff Charles Edward Lincoln III asks this Court to review all the evidence, make findings of fact and conclusions of law, declaring and adjudging the nature and contours of the relationship between Plaintiff Charles Edward Lincoln III and Jill Jones-Soderman, the FCVFC, the LSLRS, and the Child Forensic Advocate Safety Center, L.L.C., as well as the derivative rights of Donna Cerigny and Kristie S. Hoots-Meyer, in addition to their separately contracted rights and rights based on Jill Jones-Soderman's explicit and repeated promises.

46.   Plaintiff Charles Edward Lincoln III specifically asks this Court to declare and adjudge that a partnership existed, albeit orally agreed and formed, between Charles Edward Lincoln III and Jill Jones-Soderman.

47.   Plaintiff accordingly asks this Court to declare and adjudge that Jill Jones-Soderman breached this oral partnership and that,

48.   as a consequence, Jill Jones-Soderman now owes Charles Edward Lincoln III a duty of disclosure and full accounting of all actions taken between the two parties, including Jill Jones-Soderman's co-principals Joseph

Thomas Cappadora and Kurt E. Traub, and further that, according to common and statutory law:

49.    this partnership must now be formally "wound down" and dissolved.

50.    Specifically, Plaintiff asks that the Court find, order, and adjudge that all of the expenses of the partnership paid which were undertaken in reliance on Jill Jones-Soderman's personal promise and guarantee of financial support, including but not limited to Jill Jones-Soderman's personal promises and guarantees to pay (a) Donna Cerigny, (b) Kristie S. Hoots-Meyer, (c) Yu-wen Chiu, and (d) Dr. Chih-yang Hu.

51.    Defendant Jill Jones-Soderman's specific guarantees to Plaintiff Charles Edward Lincoln III include but not limited to

(a)  Jill Jones-Soderman's full payment of the two-year lease attached here as Exhibit One (with Jill's partial payment history shown in Exhibit Seven),

(b)  Jill Jones-Soderman's payment of all out-of-pocket expenses, time, and wages including overtime properly incurred and documented by Plaintiff Kristie S. Hoots-Meyer,

(c)    wages, payment for special services rendered, and all out-of-pocket expenses incurred by Plaintiff Donna Cerigny,

(d)    the Court should specifically enforce all specific promises Jill Jones-Soderman made to Charles Edward Lincoln III as inducements or benefits

to undertake the massive project of creating (researching and developing) a complex, multi-functional, socio-economic and legal "think tank" including a planned defense fund (conceived and framed at the end of July 2017 whose trade-name Plaintiff Kristie S. Hoots-Meyer researched).

(e)    Chief among these collateral promises made as an inducement was the recovery of a piano belonging to Lincoln, currently located in Dallas, Texas.

52.    Plaintiff Charles Edward Lincoln III finally asks this Court to declare and adjudge that the partnership between himself and Defendant Jill Jones-Soderman and the FCVFC/Child Forensic Advocate Safety Center was formed during not earlier than November 1, 2016, nor any later than Sunday, March 5, 2017, and further to declare and adjudge that the partnership did not terminate on August 11, 2017, but that the partnership continues to this day and will continue until wound down and dissolved by a final judgment or other order of this Court.

53.    Plaintiffs Charles Edward Lincoln III, Kristie S. Hoots-Meyer, and Donna Cerigny, ask for all their costs and expenses incurred in this declaratory judgment action, including, if Plaintiffs should be forced to hire a licensed attorney to litigate and bring this case to trial, all of Plaintiffs' reasonable attorneys' fees.

## IV.   SECOND CAUSE OF ACTION---DECLARATORY JUDGMENT REGARDING CONTRACT(S), BREACH(ES) OF CONTRACT(S), QUASI-CONTRACT, INDEBITATUS ASSUMPSIT, CONSTRUCTIVE TRUST

54.   Plaintiffs Donna Cerigny, Kristie S. Hoots-Meyer and Charles Edward Lincoln III hereby reallege paragraphs ¶¶1-53 above, including exhibits incorporated by reference in those paragraphs, and incorporate all the same by reference as if fully recopied and restated herein below as the factual basis for this count.

55.   Pleading in the alternative, if this Court should determine that no partnership existed, Plaintiffs pray that this Court after trial-by-jury of all facts and mixed questions of law and fact so triable, make findings of fact and conclusions of law, and accordingly declare and adjudge the rights and responsibilities of the parties to this lawsuit, and their contractual, quasi-contractual, constructive-trust, or *indebitatus assumptsit* relationships to and among each other.

56.   Specifically, Plaintiffs Donna Cerigny, Kristie S. Hoots-Meyer, and Charles Edward Lincoln III ask this Court to declare their relationships and rights as against all of the Defendants, including but not limited, to Jill Jones-Soderman, the Child Forensic Advocate Safety Center, L.L.C., THE FAMILY RESOLUTION CENTER, the Foundation for the Child Victims of the Family Courts (fcvfc.org), US Whistleblower (uswhistleblower.org),

Consolidated Financial Services, L.L.C., JT Cappadora, Inc., Joseph Thomas Cappadora and Kurt E. Traub, as well as the relationships, rights and obligations of non-parties/potential Plaintiffs Dr. Chih-yang Hu, and "Angela" Yu-wen Chiuh, as well as Brook Altman.

57.   Plaintiffs Charles Edward Lincoln III, Kristie S. Hoots-Meyer, and Donna Cerigny, ask for all their costs and expenses incurred in this declaratory judgment action, including, if Plaintiffs should be forced to hire a licensed attorney to litigate and bring this case to trial, all of Plaintiffs' reasonable attorneys' fees, pursuant to 28 U.S.C. §§2201-2202.

## V.  FRAUD IN THE INDUCEMENT (Racketeering Scheme?)

58.   Plaintiffs Donna Cerigny, Kristie S. Hoots-Meyer and Charles Edward Lincoln III hereby reallege paragraphs ¶¶1-53 above, including exhibits incorporated by reference in those paragraphs, and incorporate all the same by reference as if fully recopied and restated herein below as the factual basis for this count.

59.   Plaintiffs allege that Jill Jones-Soderman, acting in concert with Kurt E. Traub and Joseph Thomas Cappadora, acting as individuals, together with Jill Jones-Soderman's wholly controlled entities: THE FAMILY RESOLUTION       CENTER,       the       FCVFC       (fcvfc.org), USWHISTLEBLOWER (uswhistleblower.org) and the Child Forensic

Advocacy Safety Center, L.L.C., and Joseph Thomas Cappadora's wholly controlled entities, including JT Cappadora, Inc., and Consolidated Financial Services, LLC, engaged in a scheme to defraud the Plaintiffs, a pattern of lies and deception to induce reliance on Jill's false promises.

60.    Jill Jones-Soderman, acting in concert with Kurt E. Traub and Joseph Thomas Cappadora acting as individuals, together with Jill Jones-Soderman's wholly controlled entities: THE FAMILY RESOLUTION CENTER, FCVFC (fcvfc.org), USWHISTLEBLOWER (uswhistleblower.org) and the Child Forensic Advocacy Safety Center, L.L.C., and Joseph Thomas Cappadora's wholly controlled entities, including JT Cappadora, Inc., and Consolidated Financial Services, LLC, clearly agreed and worked in concert to create a false image of financial reliability and trustworthiness.

61.    Plaintiffs allege that the conduct of the named defendants, acting together, amounted to a Scheme to Defraud by false promises as inducement to labor without fair pay or compliance or completion of promises, and without any intention of ever having complying or completing or paying.

62.    Plaintiffs reserve the right to amend this complaint to allege an enterprise and pattern of racketeering pursuant to 18 U.S.C. §1961,

§§1962(a), 1962(b), 1962(c), and/or 1962(d), all as violations of Civil R.I.C.O. under 18 U.S.C. §1964(c).

63.     Plaintiffs also reserve the right to claim all costs of litigation incurred as a result of Jill Jones-Soderman's acts and patterns of racketeering, including Plaintiffs' attorneys' fees if Jill Jones-Soderman and her allies named as Defendants herein (and/or, individuals including but not limited to Brook Altman, whose status and stance is unknown at the present time) force the Plaintiffs to hire a licensed attorney to represent them in order to bring these claims to trial-by-jury, demand for which is hereby made and tendered.

## VI.   INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

64.     Plaintiffs Donna Cerigny, Kristie S. Hoots-Meyer and Charles Edward Lincoln III hereby reallege paragraphs ¶¶1-53 above, including exhibits incorporated by reference in those paragraphs, and incorporate all the same by reference as if fully recopied and restated herein below as the factual basis for this count.

65.     Jill Jones-Soderman's behavior and her course of conduct, including all her acts, throughout all transactions and occurrences leading up to this lawsuit, has or have been of a nature extreme and outrageous, unacceptable in a civilized society.

66.    Plaintiffs in particular point to and allege that Jill Jones-Soderman engaged in extreme and outrageous behavior against Kristie S. Hoots-Meyer and Charles Edward Lincoln III on June 24, 2017, and August 1-13, 2017, as detailed in Exhibits Two, Three, Four, and Five.

67.    Plaintiffs also allege that Jill Jones-Soderman engaged in extreme and outrageous behavior towards Donna Cerigny and her granddaughter throughout June and July, until about July 24, 2017.

## DAMAGES
## FROM BREACH OF CONTRACT, FRAUD, QUASI-CONTRACT, INDEBITATUS ASSUMPSIT, CONSTRUCTIVE TRUST etc.

68.    Plaintiffs Donna Cerigny, Kristie S. Hoots-Meyer and Charles Edward Lincoln III hereby reallege paragraphs ¶¶1-53 above, including exhibits incorporated by reference in those paragraphs, and incorporate all the same by reference as if fully recopied and restated herein below as the factual basis for this count.

69.    Plaintiffs specifically refer to and incorporate the claims for damages included in Exhibits Two, Three, Four and Five attached to this complaint, subject to Plaintiffs' reservation of their right to amend and supplement this complaint.

70.    As outlined in Exhibits Two, Three, Four and Five, including all subparts, attached to this Complaint, Plaintiffs Donna Cerigny, Kristie S.

Hoots-Meyer, and Charles Edward Lincoln III, jointly and severally allege minimum direct actual damages, not counting special, consequential, indirect, exemplary, or punitive against all Defendants in the amount of $150,000.00, with total damages exceeding $1,500,000.00

## JURY DEMAND

Plaintiffs Donna Cerigny, Kristie S. Hoots-Meyer, and Charles Edward Lincoln, III, hereby demand a trial-by-jury of all issues so triable, including all questions of fact under the Seventh Amendment, all mixed-questions of law and fact, and Plaintiffs request the empanelling of an advisory jury on all other issues.

## PRAYER FOR RELIEF

Plaintiffs pray for their actual and direct damages against Jill Jones-Soderman, Joseph Thomas Cappadora, and Kurt E. Traub, together with their six controlled entities JT Cappadora, Inc., Consolidated Financial Services, THE FAMILY RESOLUTION CENTER, the Foundation for the Child Victims of the Family Court, aka FCVFC (fcvfc.org), the Child Forensic Advocacy Safety Center, L.L.C., and USWHISTLEBLOWER (uswhistleblower.org) in an amount not less than $150,000.00 and for consequent, exemplary, indirect, punitive, and special damages in an amount not less than $1,500,000.00.

Plaintiffs also pray for declaratory judgment under 28 U.S.C. §2201-2202 regarding their relationships with and rights as against each and all of the several defendants, jointly and severally.

In the alternative, Plaintiffs pray for specific performance. Finally, plaintiffs pray for all such other and further relief to which they are entitled.

Respectfully signed & submitted,

Monday
23 October 2017

By: _____

**Donna Cerigny, Plaintiff, pro se**
**1533 Farrington Drive**
**Marrero, Louisiana 70072**
**Telephone: (504) 941-0793**
**E-mail: Donna.cerigny@outlook.com**

And

By.: _____

**Kristie S. Hoots-Meyer, Plaintiff, pro se**
**183 MacDonnell Avenue, Apt. #105**
**Biloxi, Mississippi 39531**
**Telephone: (228) 234-1418**
**E-mail: legalgirlindeed@gmail.com**

And

By: _____

**Charles Edward Lincoln III, Plaintiff, pro se**
**1215 Prytania Street, #333**
**New Orleans, Louisiana 70130**
**Telephone: (504) 777-5021**
**E-mail: charles.e.lincoln@gmail.com**