UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DONNA CERIGNY, ET. AL.**                             **CIVIL ACTION**

**VERSUS**                                             **NO. 17-11111**
                                                       **c/w 18-0869**
                                                       **REF ALL CASES**

**JOSEPH THOMAS CAPPADORA, ET. AL.**                   **SECTION "B"(1)**

## ORDER AND REASONS

Before the Court is Defendant Kurt Traub's "Motion to Dismiss for Lack of Personal Jurisdiction" (Rec. Doc. 14). Plaintiffs Donna Cerigny, Kristie Hoots-Meyer, and Charles Edward Lincoln, III (collectively, "Plaintiffs") have filed "combined motions," which seek the following: 1) leave to conduct jurisdictional discovery, 2) to consolidate cases, and 3) to continue hearing on Defendant Kurt Traub's Motion to Dismiss. Rec. Doc. 18. Also before the Court is Defendant Kurt Traub's ("Defendant Traub") Response in Opposition. Rec. Doc. 19. For the reasons below,

**IT IS ORDERED** that Plaintiff's Motion (Rec. Doc. 18) is **DENIED** as to Plaintiffs' request to conduct jurisdictional discovery **AND** to continue the submission date of Defendant Traub's Motion to Dismiss.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion is **DISMISSED as Moot** insofar as it seeks to consolidate cases 17-11111 and 17-12275. The latter numbered case was closed by a prior remand order and reasons. *See Chiu v. Lincoln*, No. 17-12275, Rec. Doc. 28 (E.D. La. May 29, 2018).

1

**IT IS FURTHER ORDERED** that Defendant Kurt E. Traub's Motion to Dismiss for Lack of Personal Jurisdiction is **GRANTED**. All claims by Plaintiffs in the above-captioned matter against Defendant Traub are hereby **DISMISSED with prejudice**.

Pursuant to FRCP 12(b)(2), personal jurisdiction over Defendant Traub in the State of Louisiana is contested. "Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Walden v. Fiore*, 571 U.S. 277, 283 (2014). Personal jurisdiction may be general or specific. *Id*. Here, Plaintiffs argue in support of specific jurisdiction, contending that Defendant Traub has made "sufficient contacts with the Plaintiffs in Louisiana." Rec. Doc. 18. The issue of specific jurisdiction focuses on the nature of the relationship between defendant, the forum, and the litigation. Accordingly, specific jurisdiction over a Defendant Traub is proper if he has purposefully directed activities at residents of Louisiana, and the litigation arises from those alleged injuries. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985).

The party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists. *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982). "The Due Process Clause of the Fourteenth Amendment guarantees that no federal court may assume jurisdiction *in personam* of a non-resident defendant unless the defendant has meaningful 'contacts, ties, or relations' with the forum state." *Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465,

469 (5th Cir. 2006) citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945).

Defendant Traub asserts that he is a New Jersey citizen, and he does not meet the "minimum contacts" requirements to establish personal jurisdiction over him. Rec. Doc. 14. Defendant Traub further contends that jurisdictional discovery is **not** warranted in this instance because: 1) Plaintiffs have failed to establish their burden of demonstrating the necessity of discovery, 2) the lack of personal jurisdiction over Defendant Traub is clear, and 3) the record demonstrates that discovery will not produce facts sufficient for this Court to exercise personal jurisdiction over Defendant Traub. Rec. Doc. 19. We agree.

District Courts have broad discretion in all discovery matters. *Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982). When the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted. *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000). Here, the only contacts with Louisiana alleged by Plaintiffs is that Defendant Traub mailed Plaintiff Lincoln two debit cards and engaged in a phone conversation with Plaintiff Lincoln, presumably regarding said debit cards. Rec. Doc. 18. The debit cards were issued to Plaintiff Lincoln as a direct result of his employment with Defendant Jill Jones-Soderman. The only intelligible allegations made towards Defendant Traub by Plaintiffs, is that Defendant Traub—a Bank of America employee—mailed two debit cards,

in May and June 2017, the first card bearing the name "Charles Edwards" as opposed to Plaintiff's full name: "Charles Lincoln Edward III." Rec. Docs. 14 and 18. These debit cards were allegedly mailed by Defendant Traub "in support of Jill Jones-Soderman's multiple schemes to defraud." Rec. Doc. 18 at 3. Plaintiffs' further allege that Defendant Traub should be hauled into court in Louisiana based on an alleged phone conversation. Rec. Doc. 18. While Plaintiffs motion is devoid of any information regarding the substance of this phone conversation, it was presumably related to an attempt by Defendant Traub to correct the name on the debit card. Rec. Doc. 18 at 2-6. Notably, the above allegations of "fraud" were all duties within the scope of Defendant Traub's employment with Bank of America.

Plaintiffs fail to include any specificity or particularity of the alleged "fraud." Plaintiffs request to take depositions for the purpose of "disclosure of all documents relating to the knowledge of Jill Jones-Soderman's involvement with the Plaintiffs in Louisiana and Mississippi" amounts to no more than a fishing expedition to obtain information about Defendant Jones-Soderman.

New Orleans, Louisiana, this 6th day of July, 2018.

                                                          _____
                                                          SENIOR UNITED STATES DISTRICT JUDGE

4