UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DONNA CERIGNY, ET. AL.**                       CIVIL ACTION

**VERSUS**                                       NO. 17-11111
                                                 c/w 18-0869
                                                 REF ALL CASES

**JOSEPH THOMAS CAPPADORA, ET. AL.**             SECTION "B"(1)

## ORDER AND REASONS

Before the Court comes *pro se* Defendant Joseph Thomas Cappadora ("Defendant Cappadora") seeking to be dismissed from this action without prejudice. Rec. Doc. 12. A *pro se* plaintiff Charles Edward Lincoln, III, ("Plaintiff Lincoln") has filed a response in opposition. Rec. Doc. 16. For the reasons provided below,

**IT IS ORDERED** that Defendant Cappadora's *pro se* Motion to Dismiss (Rec. Doc. 12) is **GRANTED WITHOUT PREJUDICE** to a timely amended complaint with detailed factual allegations, not legal conclusions, against the defendant at issue.

To survive a motion to dismiss, Plaintiffs must allege facts sufficient to establish each essential element of their RICO claim. *See Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 606 (5th Cir.1998). Accordingly, Plaintiffs must allege as to the Defendant

1

at issue in this matter specific facts concerning (1) the conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985); *Elliott v. Foufas*, 867 F.2d 877, 880 (5th Cir.1989); *see also Robinson v. Standard Mortg. Corp.*, 191 F. Supp. 3d 630, 638 (E.D. La. 2016).

Here, Plaintiffs have alleged in support of RICO claims that Defendant Jill Jones-Soderman ("Defendant JJS") created certain entities "in concert with Cappadora and Traub" to engage in "victim-harvesting." Rec. Doc. 17 at 4. Plaintiffs further allege that Defendant JJS "received income derived directly or indirectly from a pattern of racketeering involving "victim harvesting" by mail fraud (18 U.S.C. §1341), false or fictitious name fraud (18 U.S.C. §1342), wire fraud (18 U.S.C. §1343), and bank fraud (18 U.S.C. §1344)." Rec. doc. 17 at 9. Plaintiffs' alleged injuries stem from Defendant JJS "trying to make them co-racketeers with her in the Victim-Harvesting industry" as what they refer to as "professional-support-harvesting."

While we have construed the pro se Opponent's claims here as liberally as possible, the conclusory allegations against this moving Defendant do not provide sufficient facts upon which relief can be granted. Defendant Cappadora's motion submits that he has never provided Plaintiff Lincoln with any financial or accounting services, and that he has withdrawn from Defendant JJS's foundation

since 2010. Rec. Doc. 12. The response to same unartfully alleges in conclusory fashion no factual basis for the claims against the moving Defendant. Opponent concedes that movant performed no financial services for him. Opponent concludes without factual detail that movant's "financial wizardry" helped to create an entity that "made possible" everything that others did to him. We cannot discern the factual gaps for above assertions for a sustainable claim for relief.

New Orleans, Louisiana, this 14th day of September, 2018.

_____
SENIOR UNITED STATES DISTRICT JUDGE