**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**DONNA CERIGNY, ET. AL.**                               **CIVIL ACTION**

**VERSUS**                                               **NO. 17-11111**
                                                         **c/w 18-0869**
                                                         **REF ALL CASES**

**JOSEPH THOMAS CAPPADORA, ET. AL.**                     **SECTION: "B"(1)**

## AMENDED ORDER AND REASONS

On August 03, 2018, this Court ordered *pro se* Plaintiff Charles Edward Lincoln III to show cause in writing why this case and all other connected cases should not be dismissed *sua sponte* in their entirety and to further show cause why sanctions should not be imposed onto Plaintiff Lincoln no later than Friday, August 17, 2018. *See* Rec. Doc. 42. Plaintiff Lincoln sought extension of time to file his response, and this Court granted that extension. *See* Rec. Doc. Nos. 43, 44. Plaintiff Lincoln timely filed his response on August 22, 2018. *See* Rec. Doc. Nos. 45.

**FACTS AND PROCEDURAL HISTORY**

On October 24, 2017, Plaintiff Lincoln, joined by two other plaintiffs, filed a complaint against numerous defendants, asserting, *inter alia*, breach and dissolution of partnership, breach of contract, fraud in the inducement, racketeering, and intentional infliction of emotional distress. *See* Rec. Doc. 1; *see also* Rec.

1

Doc. 15. Plaintiffs alleged minimum direct actual damages in the amount $150,000.00, with total damages exceeding $1,500,000.00. On November 14, 2017, the Clerk of this Court issued a RICO Standing Order. *See* Rec. Doc. 4. Plaintiffs responded with a partial RICO statement and completed RICO statement. *See* Rec. Doc. Nos. 15, 17, 36. Subsequently, numerous motions were filed, including motions for extension, motions to strike, emergency motions, motions for leave to file, and motions to dismiss parties. Since the filing of this lawsuit, at least three of the originally named defendants have been dismissed from the case. On June 5, 2018, Civil Action No. 18-869 was consolidated with this case. *See* Rec. Doc. 25. **Plaintiff Lincoln has several other cases pending in this Court, including Civil Action Nos. 17-12275 c/w 18-6308 and 18-4542.**

In his numerous filings, Plaintiff Lincoln makes inappropriate asserts regarding the First City Court Judge in New Orleans, referring to the judges as "butchers who operate with cleavers disguised as gavels." *See* Rec. Doc. 35. He also presents nonsensical arguments, blatantly disrespecting the legal profession, Louisiana state courts, and Federal District Court. *See e.g.*, *Cerigny et. al. v. Cappadora et. al.*, Civil Action No. 17-11111 (E.D. La. Oct. 24, 2017); *Chiu et. al., v. Lincoln et. al.*, Civil Action No. 17-12275 (E.D. La. Nov. 13, 2017); *Chiu et. al. v. Lincoln et. al.*, Civil Action No. 18-6308 (E.D. La. June 28, 2018); *Lincoln v. Chenevert et. al.*, Civil Action No. 18-869 (E.D. La. Jan. 29, 2018). Plaintiff

2

Lincoln continues to file frivolous filings with illogical arguments in this Court. He has been sanctioned for similar behavior in several other districts, including the Western District of Texas. *See Abbot v. Simon*, Civil Action No. 08-00010-WSS (W.D. Tex. Mar. 25, 2008).

On August 3, 2018, this Court ordered Plaintiff Lincoln to show cause in writing why this case and all other connected cases should not be dismissed *sua sponte* in their entirety and to further show cause why sanctions should not be imposed onto Plaintiff Lincoln. *See* Rec. Doc. 42. On August 22, 2018, after being granted an extension, Plaintiff Lincoln timely filed his response. *See* Rec. Doc. 45.

**PLAINTIFF LINCOLN'S RESPONSE**

Plaintiff prays, *inter alia*, that this Court approve his response and discharge its Order to Show Cause.

Plaintiff states that he has taken significant steps to cure the bankruptcy problem mentioned in the Order to Show Cause. *See id*. at 6. He claims that he too was alarmed at the conversion of bankruptcy case and is now ready to present the correct facts to the Court. *See id*. at 1. He also claims that he filed a new Chapter 11 bankruptcy case on August 21, 2018 in the U.S. District Court for the District New Jersey. *See id*. at 2. He contends that the cases he has in this Court "relate even more directly to the new bankruptcy than to the old." *Id*. at 4. Plaintiff thinks that it would be best for this Court to allow him to transfer his cases to New Jersey

because he now has two cases (one bankruptcy and one civil) pending in that court. *See id*. at 5.

Plaintiff also asks this Court to clearly identify how he has violated Rule 11(b). *See id*. at 7. Specifically, he asks this Court to "itemize each and every . . . paragraph in [his] pleadings, in an amended version of its Order to Show Cause." *Id*. at 13. Plaintiff Lincoln states that this Court should allow him to speak his mind and voice his opinions against certain Louisiana State Court Judges. *See id*. at 8. This Court's use of an order to show cause to preclude litigation of his "potential mass-constitutional tort or class action" cases is an overbroad application of Rule 11 and therefore a violation of the Constitution. *See id*. at 14.

Plaintiff refers to Civil Action No. 18-4542, describing the defendant as a café that is acting as an agent for present and former mayors of New Orleans. *See id*. He goes on to say that he intends to support his Complaint with affidavits from "people all over the world." *Id*. at 15. He has numerous volunteers, but his main volunteer has been incapacitated and unable to help. *See id*. He requests for this Court to itemize the defects of his Complaint. *See id*. at 15-16. He stands to be corrected or sanctioned, but only for offenses that he has committed. *See id*. at 16.

Plaintiff admits to being sanctioned by Judge Walter Smith in Texas in 2008 but contends that the said order was "entered in secret." *See id*. at 19. He was suffering from depression and did not

learn of the order or have the ability to appeal the order. *See id*. He knew the order was void due to lack of actual notice. *See id*. If this Court enters a similar order regarding sanctions, Plaintiff plans to "present [both orders] to the Fifth Circuit Court of Appeals." *See id*.

**LAW AND ANALYSIS**

In the Fifth Circuit, it is well established that courts have the discretion to enjoin plaintiffs from filing frivolous claims. *See e.g. Green v. Carlson*, 649 F.2d 285, 287 (5th Cir. 1981). There is no one, rich or poor, that is entitled to abuse to the judicial process. *See Hardwick v. Brinson*, 523 F.2d 798, 800 (5th Cir. 1975); *see also Green v. Camper*, 477 F. Supp. 758, 770 (W.D. Mo. 1979) ("Accordingly, in light of plaintiff's history in this, and other courts, of initiating frivolous and malicious litigation . . . and his demonstrated abuse of the judicial process . . . this action should . . . [be] dismissed . . .."). "Flagrant abuse of the judicial process can enable one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *Green*, 649 F.2d at 287.

Courts may impose sanctions on plaintiffs that abuse the judicial process. *See United States v. Henry*, 2010 U.S. Dist. LEXIS 81059 *1, *21 (E.D. La. 2010) citing to *Goldgar v. Office of Admin., Executive Office of the President*, 26 F.3d 32, 34 (5th Cir. 1994) ("[Federal courts have] authority to structure sanctions necessary

5

or warranted to control its docket and maintain the orderly administration of justice."). Specifically, Rule 11(b) provides that a court may impose sanctions where an attorney or unrepresented party presents pleadings, written motions, or other submissions for improper purposes, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation. *See* FED. R. CIV. P. 11(b)(1). Furthermore, the court may impose sanctions where assertions or submission of claims, defenses, and factual contentions are unsupported by existing law, good-faith argument, or evidentiary support. *See* FED. R. CIV. P. 11(b)(2)-(4).

Plaintiff's Response fails to address why this Court should not strike his pleadings, dismiss his pending lawsuits, and impose monetary sanctions. Specifcally, Plaintiff states that he has filed a new Chapter 11 bankruptcy case and that all his pending lawsuits in this Court should be transferred to the court where his new bankruptcy case is now pending; requests this Court to allow him to speak his opinion against Louisiana State Court Judges; states that a named defendant is absolutely in default because she is a "bad apple and bad actor"; demands this Court to itemize each and every paragraph in his pleadings that violate Rule 11(b); states that he intends to support his Complaint with affidavits from "people all over the world" and with the help of a committed "cohort and ally" that has been incapacitated and unable to help; and contends that the sanctions imposed by Judge Walter Smith against him in Texas in

6

2008 were "entered in secret (at least secret from [him])." *See* Rec. Doc. 45.

After being given an opportunity to explain his claims and avoid dismissal of his claims, Plaintiff Lincoln filed another incoherent and conclusory pleading. *See* Rec. Doc. 45; *see also* Rec. Doc. Nos. 4, 7, 11, 31. Recognizing the need to curtail further frivolous filings that overburden this Court, this Court should invoke its general supervisory power to control its docket. Accordingly,

**IT IS ORDERED** that Plaintiff's pleadings at issue are stricken and his claims in all captioned matters are dismissed.

**IT IS FURTHER ORDERED** that sanctions are imposed upon Plaintiff in the amount of $75,000.00 for his continuous barrage of frivolous lawsuits and pleadings filed in this Court.

**IT IS FURTHER ORDERED** that Plaintiff shall be prohibited from filing pleadings and lawsuits in this Court, or removing any Louisiana state cases to this Court, until imposed sanctions are paid in whole to **the Miscellaneous Fines, Penalties, and Forfeiture, Not Otherwise Classified Fund (Fund Code 109900)**, or unless leave of court it first granted for good cause.

New Orleans, Louisiana, this 22nd day of February, 2019.

_____
SENIOR UNITED STATES DISTRICT JUDGE